# EXHIBIT 2

Fulton County Superior Court
***EFILED***QW
Date: 10/31/2023 5:20 PM
Che Alexander, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY**

**STATE OF GEORGIA**

EMBRY DEVELOPMENT COMPANY, LLC,

Plaintiff,

v.

DRIVE PLANNING, LLC and
R. TODD BURKHALTER

Defendants/Third-Party Plaintiff.

v.

JAMES MICHAEL EMBRY

Third-Party Defendant.

CAFN: 2023CV384406

**JURY TRIAL DEMANDED**

**ANSWER, DEFENSES, COUNTERCLAIMS AND THIRD-PARTY CLAIM OF DEFENDANTS DRIVE PLANNING, LLC AND R. TODD BURKHALTER**

**COME NOW** Defendants **DRIVE PLANNING, LLC** ("Drive Planning") and **R. TODD BURKHALTER** ("Burkhalter"), by and through undersigned counsel, and file this, their Answer, Defenses, Counterclaims and Third-Party Claim to Plaintiffs' Verified Complaint for Damages and Injunctive Relief. Defendants Drive Planning and Burkhalter (hereinafter collectively referred to as "Defendants") respectfully show as follows:

**AFFIRMATIVE DEFENSES**

Plaintiff's claims are barred for failure to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because all damages claimed by Plaintiff were caused in part or in their entirety by acts and/or omissions of Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of failure of consideration.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of privity.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred against Burkhalter for a lack of personal jurisdiction and improper venue.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred for failure for failure to satisfy a condition precedent.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred due to the Statute of Frauds.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred pursuant to the doctrine of waiver and estoppel.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred for a failure of consideration.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred pursuant to the doctrine of license.

Defendants hereby reserve the right to plead such other affirmative defenses as may be just and appropriate in the event that facts or circumstances are revealed through litigation which may give rise to such further affirmative defenses.

## ANSWER

Notwithstanding and without waiving Defendants' foregoing Affirmative Defenses, said Defendants hereby set forth below their respective responses to the factual allegations of Plaintiff to the greatest extent practicable:

1.

Defendants lack sufficient information to admit or deny the allegations set forth in Paragraph 1 of Plaintiff's Complaint and, as such, said allegations stand denied.

2.

Defendant Drive Planning denies that the address is set forth correctly. Defendant Drive Planning admits the remaining portions of Paragraph 2.

3.

Defendant Burkhalter denies he is a Georgia resident and denies jurisdiction and venue is proper in this Court. Defendant Drive Planning admits the remaining portions of Paragraph 3 as they relate solely to Defendant Drive Planning.

4.

Defendant Burkhalter objects to the venue and jurisdiction of this Court. Defendant Drive Planning admits it is subject to the jurisdiction and venue of Fulton County, Georgia.

5.

Defendant Drive Planning admits the allegations set forth in Paragraph 5 of Plaintiff's Complaint. Defendant Burkhalter denies any individual action or responsibility in law or fact, and all allegations stand denied.

6.

Defendants lack sufficient information to admit or deny the allegations set forth in Paragraph 6 of Plaintiff's Complaint and, as such, said allegations stand denied.

7.

Defendants lack sufficient information to admit or deny the allegations set forth in Paragraph 7 of Plaintiff's Complaint and, as such, said allegations stand denied.

8.

Defendants lack sufficient information to admit or deny the allegations set forth in Paragraph 8 of Plaintiff's Complaint and, as such, said allegations stand denied.

9.

Defendants deny all allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant Drive Planning admits that it had approval to seek investors for projects to fund for Plaintiff, as well as for various other clients. Defendant Burkhalter denies any individual action or responsibility in law or fact, and all allegations stand denied.

11.

Defendant Drive Planning denies all allegations set forth in Paragraph 11 of Plaintiff's Complaint. Defendant Burkhalter denies any individual action or responsibility in law or fact, and all allegations stand denied.

12.

Defendant Drive Planning admits the Cease and Desist letter attached as Exhibit 1 was received by Defendant Drive Planning. Defendant Drive Planning objects to all remaining allegations set forth in Paragraph 12. Defendant Burkhalter denies any individual action or responsibility in law or fact, and all allegations stand denied.

13.

Defendant Drive Planning denies all allegations set forth in Paragraph 13 of Plaintiff's Complaint. Defendant Burkhalter denies any individual action or responsibility in law or fact, and all allegations stand denied.

14.

Defendant Drive Planning admits the allegations of Paragraph 14 of Plaintiff's Complaint, but can neither admit nor deny the specific date included in Paragraph 14.

15.

Defendant Drive Planning denies all allegations set forth in Paragraph 15 of Plaintiff's Complaint as the word "use" is vague and ambiguous. Defendant Burkhalter denies any individual action or responsibility in law or fact, and all allegations stand denied.

16.

Defendant Drive Planning denies all allegations set forth in Paragraph 16 of Plaintiff's Complaint. Defendant Burkhalter denies any individual action or responsibility in law or fact, and all allegations stand denied.

17.

Defendant Drive Planning denies all allegations set forth in Paragraph 17 of Plaintiff's Complaint. Defendant Burkhalter denies any individual action or responsibility in law or fact, and all allegations stand denied.

18.

Defendant Drive Planning denies all allegations set forth in Paragraph 18 of Plaintiff's Complaint. Defendant Burkhalter denies any individual action or responsibility in law or fact, and all allegations stand denied.

19.

Defendant Drive Planning denies all allegations set forth in Paragraph 19 of Plaintiff's Complaint. Defendant Burkhalter denies any individual action or responsibility in law or fact, and all allegations stand denied.

20.

Defendants state that Paragraph 20 does not require an admission or denial. If such is deemed required, such Paragraph stands denied.

21.

Defendant Drive Planning denies all allegations set forth in Paragraph 21 of Plaintiff's Complaint. Defendant Burkhalter denies any individual action or responsibility in law or fact, and all allegations stand denied.

22.

Defendant Drive Planning denies all allegations set forth in Paragraph 22 of Plaintiff's Complaint. Defendant Burkhalter denies any individual action or responsibility in law or fact, and all allegations stand denied.

23.

Defendants state that Paragraph 23 does not require an admission or denial. If such is deemed required, such Paragraph stands denied.

24.

Defendants state that Paragraph 24 is a statement of law which does not require an admission or denial.

25.

Defendant Drive Planning denies all allegations set forth in Paragraph 25 of Plaintiff's Complaint. Defendant Burkhalter denies any individual action or responsibility in law or fact, and all allegations stand denied.

26.

Defendant Drive Planning denies all allegations set forth in Paragraph 26 of Plaintiff's Complaint. Defendant Burkhalter denies any individual action or responsibility in law or fact, and all allegations stand denied.

27.

Defendants state that Paragraph 27 does not require an admission or denial. If such is deemed required, such Paragraph stands denied.

28.

Defendant Drive Planning denies all allegations set forth in Paragraph 28 of Plaintiffs' Complaint. Defendant Burkhalter denies any individual action or responsibility in law or fact, and all allegations stand denied.

Defendants deny all allegations not expressly admitted, above.

## COUNTERCLAIMS AND THIRD-PARTY CLAIMS

Defendant Drive Planning hereby sets forth below its counterclaims against Plaintiff and third party claims against James Michael Embry:

**Parties**

29.

Embry Development Company, LLC ("Plaintiff") is a limited liability company authorized to conduct business within the State of Georgia. Plaintiff has subjected itself to the jurisdiction and venue of this Court.

30.

James Michael Embry ("Embry") is an individual resident of the State of Georgia who is subject to the jurisdiction of this Court.

**Factual Statement**

31.

Drive Planning and Embry entered into various Promissory Notes whereby Drive Planning loaned certain amounts to Embry.

32.

The Promissory Notes, include, but are not limited to, the dates and amounts set forth below:

1. December 23, 2020 in the amount of $100,000.00;
2. January 13, 2021 in the amount of $107,000.00;
3. February 3, 2021 in the amount of $200,000.00; and
4. June 24, 2021 in the amount of $300,000.00.

33.

Additionally, Drive Planning provided separate funding to Embry and/or Plaintiff on the clear representations from Plaintiff that Drive Planning would receive compensation for its services provided.

34.

In reliance upon their understanding, Drive Planning provided total funds to Plaintiff in an amount in excess of Five Million and 00/100 Dollars ($5,000,000.00).

35.

Plaintiff failed to provide payment to Drive Planning for its services.

36.

Plaintiff has failed to return the sums provided by Drive Planning to Plaintiff.

37.

Embry is in default of the terms of payment set forth in the Promissory Notes.

**COUNT ONE: BREACH OF CONTRACT**

38.

Defendant Drive Planning herein alleges and incorporates by reference each allegation set forth in paragraphs 29-37.

39.

Drive Planning complied with all of its obligations set forth in the Promissory Notes.

40.

Embry has failed and refused to provide repayment and is in default of the terms of the Promissory Notes.

41.

The breach of contract by Embry has caused damages to Defendant Drive Planning in an amount not less than Five Million and 00/100 Dollars, plus amounts set forth therein for 10% accrued interest and fees.

**COUNT TWO: UNJUST ENRICHMENT**

42.

Defendant Drive Planning herein alleges and incorporates by reference each allegation set forth in paragraphs 29-37.

43.

A benefit was conferred upon Plaintiff and/or Embry by Drive Planning in the amount of the monetary funds provided.

44.

Plaintiff and/or Embry have failed and refused to provide compensation for Drive Planning's services, as required by law and equity.

45.

Plaintiff and/or Embry have been unjustly enriched by the benefit conferred upon it by Drive Planning and equitably must compensate Drive Planning with the benefit of the bargain and provide the (1) the benefit of the services provided and/or (2) a return of all sums provided to Plaintiff and/or Embry.

46.

It would be unjust for Plaintiff to retain the sums provided by Drive Planning.

**COUNT TWO: DEFAMATION**

47.

Defendant Drive Planning herein alleges and incorporates by reference each allegation set forth in paragraphs 29-37.

48.

Upon information and belief, Plaintiff made defamatory statements regarding Drive Planning to third parties alleging Drive Planning was financially insolvent.

49.

The statements were false and were intended to paint Drive Planning in a negative light.

50.

Plaintiff's statements were to third parties, were made with malice, and are not privileged communication.

51.

Drive Planning seeks recovery in an amount to be determined by the jury in this matter.

**COUNT THREE: ATTORNEYS FEES**

52.

Defendant Drive Planning herein alleges and incorporates by reference each allegation set forth in paragraphs 29-37.

53.

Plaintiff and Embry have failed to act in good faith and have willfully refused to provide required consideration and/or repayment to Drive Planning.

54.

Defendant Drive Planning seek attorneys fees in an amount to be proven with specificity upon trial in this matter.

**WHEREFORE**, Defendants pray of this honorable Court for judgment against Plaintiff as follow:

1. Judgment and damages in favor of Defendant Drive Planning based upon Embry's breach of contract;
2. Judgment and damages in favor of Defendant Drive Planning based upon Plaintiff's unjust enrichment;
3. Judgment and damages in favor of Drive Planning based upon claims of defamation;
4. For all claims to be dismissed against Defendant R. Todd Burkhalter;
5. Judgment in favor of Drive Planning against Plaintiff on all claims raised by Plaintiff;

6. For payment of all costs of this action, including reasonable attorneys' fees as required by law;
7. For trial by jury of all issues; and
8. For any further relief this Court deems equitable and just.

Respectfully submitted this 31st day of October, 2023.

**BRISKIN, CROSS & SANFORD, LLC**

/s/ Mary Trachian-Bradley
Mary Trachian-Bradley
Ga. Bar No. 774440
Steven M. Reising
Ga Bar No. 263577

BRISKIN, CROSS & SANFORD, LLC
33 S. Main Street
Suite 300
Alpharetta, GA 30009
(770) 410-1555
mtrachian@briskinlaw.com
sreising@briskinlaw.com

## CERTIFICATE OF SERVICE

I hereby affirm and certify that I have on this day filed a true and correct copy of the foregoing *Answer, Defenses, Counterclaim, and Third-Party Claim* by filing and serving the same through the Court's e-filing system, which will deliver a true and correct copy of the same to Plaintiff's counsel of record.

BRISKIN, CROSS & SANFORD, LLC

/s/ Mary Trachian-Bradley
Mary Trachian-Bradley
Ga. Bar No. 774440
Steven M. Reising
Ga Bar No. 263577

BRISKIN, CROSS & SANFORD, LLC
33 S. Main Street
Suite 300
Alpharetta, GA 30009
(770) 410-1555
mtrachian@briskinlaw.com
sreising@briskinlaw.com

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| EMBRY DEVELOPMENT COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DRIVE PLANNING, LLC and<br>R. TODD BURKHALTER<br><br>Defendants. | Civil Action, File No.: 2023CV384406 |

**VERIFICATION**

STATE OF Georgia

COUNTY OF Fulton

I, R. Todd Burkhalter, both as corporate representative for Drive Planning, LLC and as an individually- named Defendant in the foregoing action, affirm upon my oath that the foregoing information in the *Answer, Defenses and Counterclaim* in this matter is true and correct to the best of my knowledge and understanding.

By: ______________________
R. Todd Burkhalter, Individually and On Behalf of
Drive Planning, LLC

R. Todd Burkhalter personally appeared before me, an officer duly authorized by law to administer oaths, and executed this Verification upon his oath and states that he has read the foregoing *Answer* and that the information contained therein is true and correct to the best of his knowledge.

JULIE ANN EDWARDS
MY COMMISSION EXPIRES
NOTARY
PUBLIC
MAY 02, 2025
FORSYTH COUNTY, GEORGIA

Sworn to and subscribed before me
this 27th day of October, 2023.

Julie Ann Edwards
Notary Public

My Commission Expires: May 2, 2025