# EXHIBIT 3

Fulton County Superior Court
***EFILED***QW
Date: 10/31/2023 5:20 PM
Che Alexander, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY**

**STATE OF GEORGIA**

EMBRY DEVELOPMENT COMPANY, LLC,

Plaintiff,

v.

DRIVE PLANNING, LLC and
R. TODD BURKHALTER

Defendants/Third-Party Plaintiff.

v.

JAMES MICHAEL EMBRY

Third-Party Defendant.

CAFN: 2023CV384406

**JURY TRIAL DEMANDED**

**<u>THIRD-PARTY COMPLAINT OF</u>**

**<u>DEFENDANT DRIVE PLANNING, LLC</u>**

**COMES NOW** Defendant/Third-Party Plaintiff **DRIVE PLANNING, LLC** ("Drive Planning"), by and through undersigned counsel, and file this, its Third-Party Complaint against **JAMES MICHAEL EMBRY** ("Embry"). Defendant/Third-Party Plaintiff respectfully show as follows:

**Parties**

1.

Drive Planning, LLC ("Drive Planning" or "Third-Party Plaintiff") is a limited liability company authorized to conduct business within the State of Georgia. Third-Party Plaintiff is subject to the jurisdiction and venue of this Court.

2.

James Michael Embry ("Embry" or "Third-Party Defendant") is an individual resident of the State of Georgia. Embry is subject to the jurisdiction and venue of this Court.

3.

Plaintiff Embry Development Company, LLC ("Plaintiff") has filed its Complaint against Drive Planning, LLC and R. Todd Burkhalter, a copy of which is attached hereto as Exhibit A.

4.

Drive Planning has filed its Answer, Defenses, Counterclaims and Third-Party Claim to Plaintiff's Complaint denying that it is obligated or indebted to Plaintiff or in violation of any Georgia statute.

**Factual Statement**

5.

Drive Planning and Embry entered into various Promissory Notes whereby Drive Planning loaned certain amounts to Embry.

6.

The Promissory Notes, include, but are not limited to, the dates and amounts set forth below:

1. December 23, 2020 in the amount of $100,000.00;
2. January 13, 2021 in the amount of $107,000.00;
3. February 3, 2021 in the amount of $200,000.00; and

4. June 24, 2021 in the amount of $300,000.00.

7.

Additionally, Drive Planning provided separate funding to Embry and/or Plaintiff on the clear representations from Plaintiff that Drive Planning would receive compensation for its services provided.

8.

In reliance upon their understanding, Drive Planning provided total funds to Embry in an amount in excess of Five Million and 00/100 Dollars ($5,000,000.00).

9.

Embry has failed to repay the sums provided by Drive Planning to Drive Planning.

11.

Embry is in default of the terms of payment set forth in the Promissory Notes.

**COUNT ONE: BREACH OF CONTRACT**

12.

Drive Planning herein alleges and incorporates by reference each allegation set forth in paragraphs 1-11.

13.

Drive Planning complied with all of its obligations set forth in the Promissory Notes.

14.

Embry has failed and refused to provide repayment and is in default of the terms of the Promissory Notes.

15.

The breach of contract by Embry has caused damages to Drive Planning in an amount not less than Five Million and 00/100 Dollars, plus amounts set forth therein for 10% accrued interest and fees.

**COUNT TWO: UNJUST ENRICHMENT**

16.

Drive Planning herein alleges and incorporates by reference each allegation set forth in paragraphs 1-9.

17.

A benefit was conferred upon Embry by Drive Planning in the amount of the monetary funds provided.

16.

Embry has failed and refused to provide payment for Drive Planning's services or repayment, as required by law and equity.

17.

Embry has been unjustly enriched by the benefit conferred upon it by Drive Planning and equitably must compensate Drive Planning with the benefit of the bargain and provide the (1) the benefit of the services provided and/or (2) a return of all sums provided to Embry.

18.

It would be unjust for Embry to retain the sums provided by Drive Planning.

**COUNT THREE: ATTORNEYS FEES**

19.

Drive Planning herein alleges and incorporates by reference each allegation set forth in paragraphs 1-9.

20.

Embry has failed to act in good faith and has willfully refused to provide required consideration and/or repayment to Drive Planning.

21.

Drive Planning seek attorneys' fees pursuant to O.C.G.A. 13-6-11 in an amount to be proven with specificity upon trial in this matter.

**WHEREFORE**, Drive Planning prays of this honorable Court for judgment against Embry as follow:

1. Judgment and damages in favor of Drive Planning based upon Embry's breach of contract;
2. Judgment and damages in favor of Drive Planning based upon Embry's unjust enrichment;
3. For payment of all costs of this action, including reasonable attorneys' fees as required by law;
4. For trial by jury of all issues; and
5. For any further relief this Court deems equitable and just.

Respectfully submitted this 31st day of October, 2023.

**BRISKIN, CROSS & SANFORD, LLC**

/s/ Mary Trachian-Bradley
Mary Trachian-Bradley
Ga. Bar No. 774440
Steven M. Reising
Ga Bar No. 263577

BRISKIN, CROSS & SANFORD, LLC
33 S. Main Street
Suite 300
Alpharetta, GA 30009
(770) 410-1555
mtrachian@briskinlaw.com
sreising@briskinlaw.com

## CERTIFICATE OF SERVICE

I hereby affirm and certify that I have on this day filed a true and correct copy of the foregoing *Third-Party Complaint* by filing and serving the same through the Court's e-filing system, which will deliver a true and correct copy of the same to Plaintiff's counsel of record.

BRISKIN, CROSS & SANFORD, LLC

/s/ Mary Trachian-Bradley
Mary Trachian-Bradley
Ga. Bar No. 774440
Steven M. Reising
Ga Bar No. 263577

BRISKIN, CROSS & SANFORD, LLC
33 S. Main Street
Suite 300
Alpharetta, GA 30009
(770) 410-1555
mtrachian@briskinlaw.com
sreising@briskinlaw.com

# EXHIBIT A

Fulton County Superior Court
***EFILED***LW
Date: 8/18/2023 3:33 PM
Che Alexander, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| EMBRY DEVELOPMENT COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DRIVE PLANNING, LLC and<br>R. TODD BURKHALTER<br><br>Defendants. | CAFN: 2023CV384406<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

COMES NOW Plaintiff, by and through undersigned counsel, and hereby files this First Verified Complaint for Damages and Injunctive Relief showing the Court as follows:

**PARTIES/VENUE**

1. Plaintiff Embry Development Company, LLC ("EDC") is a Georgia limited liability company.
2. Defendant Drive Planning, LLC ("Drive") is a Georgia limited liability company. Service of process can be made upon its registered agent at the following: R. Todd Burkhalter, 8000 Avalon Blvd., Ste. 279, Alpharetta, Georgia 30009.
3. Defendant R. Todd Burkhalter ("Burkhalter") is a Georgia resident. Burkhalter, an owner and officer with Defendant Drive, can be served with this Complaint anywhere he may be found in the state of Georgia.
4. Venue is proper in Fulton County inasmuch as Defendant Drive resides in Fulton County for purpose of venue.

**FACTUAL RECITATION**

5. Defendant Drive is a financial services company that specializes in raising capital for various ventures. Like virtually all financial services companies, Drive solicits investor funds in return for promises of expected financial gain.
6. Plaintiff EDC is engaged in the development and sale of real estate.

7. EDC is owned and operated by James Michael Embry ("Embry"). Mr. Embry continued this business, following in the footsteps of his parents.

8. In fact, the Embry family has been involved in real estate, land development, construction and banking for over seventy years in Atlanta—beginning shortly after WWII. From building one of the first Planned Unit Developments, Embry Hills, to owning and investing in community banks, the Embry name is well known in the Atlanta area.

9. As a result of the prestigious name, Burkhalter and Drive approached EDC and Embry to gauge Embry's interest in a joint venture whereby Drive would solicit investors to raise money for various Embry development projects. With respect to any solicitations, Embry would rely on Defendants' experience with respect to structuring any potential investment.

10. In 2020, Drive began soliciting investors with EDC's tacit approval.

11. In 2022, Embry became concerned after receiving multiple reports that Drive had raised considerable capital utilizing the Embry name. These reports conflicted with reports—albeit sparse—that were provided by Burkhalter and Drive.

12. In response, on June 1, 2023, Embry and EDC—through counsel—sent correspondence to Drive demanding an accounting of all fundraising. A true and correct copy of this correspondence is attached as Exhibit 1. As evidenced by the attached, Embry demanded that Drive cease and desist all fundraising utilizing the Embry name.

13. Defendants did not substantively respond to the letter, nor did they provide any responsive information.

14. On June 16, 2023, Burkhalter did confirm to Embry's counsel that Drive "no longer use[d] the Embry Name within any of [their] material."

15. Notwithstanding this email, Plaintiff became aware that Defendants were continuing to use the Embry name.

16. As a result, on July 31, 2023, Plaintiff sent additional correspondence to Defendants reiterating the need to cease and desist all activities and provide a proper accounting of Drive's actions.

17. Given the seriousness of these actions, the July 31 correspondence sought assurances and responsive action within ten (10) days. Notwithstanding, Drive did not respond to the correspondence.

18. Based on the above actions, Plaintiff is left wholly in the dark with respect to Drive's actions. Plaintiff has no ability to verify the amount of funds raised by Drive utilizing Embry's name. Further, Plaintiff has concerns regarding what representations Drive made to investors.

19. Faced with the complete refusal to respond to the above efforts, Plaintiff was forced to file the instant suit seeking an injunction to enjoin Defendants from utilizing the Embry name in any respect.

**COUNT ONE – EMERGENCY INJUNCTIVE RELIEF**

20. Plaintiff restates and reincorporates, as if fully set forth herein, the allegations contained in the preceding Paragraphs 1-19.

21. Pursuant to O.C.G.A. § 9-11-65(b), Plaintiff is entitled to an injunction in order to remedy Defendants' tortious conduct.

22. Specifically, Plaintiff is entitled to a preliminary injunction ordering Defendants to cease the use—whether express or implied—of the Embry name in any fundraising efforts. Defendants should also provide an accounting of all funds raised utilizing the name Embry.

**COUNT TWO – O.C.G.A. § 10-1-371 (UNIFORM DECEPTIVE TRADE PRACTICES ACT)**

23. Plaintiff restates and reincorporates, as if fully set forth herein, the allegations contained in the preceding Paragraphs 1-22.

24. Pursuant to the Georgia Uniform Deceptive Trade Practices Act ("UDTPA"), O.C.G.A. § 10-1-372, a person or entity engages in deceptive trade practice when, "in the course of his business", he does the following:

(i) Passes off goods or services as those of another; *O.C.G.A. § 10-1-372(a)(1)*

(ii) Causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; *O.C.G.A. § 10-1-372(a)(2)*

(iii) Causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another; *O.C.G.A. § 10-1-372(a)(3)*

(iv) Uses deceptive representations or designations of geographic origin in connection with goods or services; *O.C.G.A. § 10-1-372(a)(4)*

*(v)* Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have; *O.C.G.A. § 10-1-372(a)(6)*

(vi) Engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding. *O.C.G.A. § 10-1-372(a)(12)*

25. Defendants have breached multiple provisions of UDTPA by continuing to advertise and allege a connection with the Embry name.

26. Pursuant to O.C.G.A. § 10-1-373, Plaintiff is entitled to an injunction to prevent further injury, as well as attorneys' fees for the prevailing party.

**COUNT THREE – EXPENSES OF LITIGATION UNDER O.C.G.A. § 13-6-11**

27. Plaintiff restates and reincorporates, as if fully set forth herein, the allegations contained in the preceding Paragraphs 1-26.

28. Defendants' actions evidence stubbornly litigious and bad faith actions giving rise to an award of expenses of litigation pursuant to O.C.G.A. § 13-6-11 in an amount to be proven at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Court grant relief as follows:

1. Enter an injunction to enjoin Defendants from using the Embry name, either verbally or in writing, in connection with the solicitation of any investments;
2. Award damages on all Count Two;
3. Award attorneys' fees pursuant to Count Two and Three; and
4. Enter judgment in favor of Plaintiff for such other further relief as is equitable and just.

Respectfully submitted this the 15th day of August, 2023.

**GAMBLE CLARK LLP**

/s/ Aaron M. Clark
Aaron M. Clark
Ga Bar No. 295700
869 Virginia Circle
Atlanta, Georgia 30306
Tel. 404. 291.5195
Fax 404.393.0902
aaron.clark@gambleclarklaw.com

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| EMBRY DEVELOPMENT COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DRIVE PLANNING, LLC and<br>R. TODD BURKHALTER<br><br>Defendants. | CAFN: 2023CV384406<br><br>**JURY TRIAL DEMANDED** |

**VERIFICATION**

The undersigned does hereby attest, under penalty of perjury, that the factual averments in the foregoing **Plaintiffs' Verified Complaint for Damages and Injunctive Relief** are true and correct to the best of their current knowledge and understanding.

**EMBRY DEVELOPMENT COMPANY, LLC**

By: ______________________
James Michael Embry, Managing Member

SWORN AND SUBSCRIBED TO ME
THIS 14th DAY OF AUGUST, 2023

______________________
NOTARY PUBLIC

TERRI L DANIEL
MY COMMISSION EXPIRES
NOTARY PUBLIC
MARCH 18, 2025
OCONEE COUNTY, GEORGIA

EXHIBIT 1

GAMBLE CLARK

**GAMBLE CLARK LLP**
869 Virginia Circle NE
Atlanta, GA 30306
D: +1 404.291.5195
F: +1 404.393.0902
aaron.clark@gambleclarklaw.com
www.gambleclarklaw.com

June 1, 2023

**VIA EMAIL AND FED EX OVERNIGHT MAIL**

Drive Planning, LLC
Atten: R. Todd Burkhalter
8000 Avalon Blvd, Ste. 279
Alpharetta, GA 30009
todd.burkhalter@driveplanning.com

RE: Embry Development Company, LLC

Dear Todd:

Please be advised that this firm represents Embry Development Company, LLC ("EDC") and James Michael Embry ("Embry"). As you know, Mr. Embry and his family have been involved in real estate developing in the Atlanta market for for seventy (70) years. Seeking to capitalize on this good will, in 2020 you, through Drive Planning, LLC ("Drive"), began to solicit capital investment in a loosely associated manner with EDC and Mr. Embry. The parties did not commemorate any agreement on the matter via a written document. Instead, my clients relied on Drive's expertise with respect to raising capital. Recently it has come to my clients' attention that Drive has solicited sizeable investments utilizing the Embry name. Both the size of these investments, and the structure of the investments, were unknown to Mr. Embry. Having been contacted by a number of people/entities that have apparently invested through Drive, my client is extremely concerned about the activities undertaken by Drive under the guise of some sort of joint venture with EDC and/or Mr. Embry. These concerns relate both to the manner in which the Embry name was used, and also concerns about the general safety of the funds invested. While we hope that these concerns are unfounded, it is absolutely imperative that we obtain full information on any all activities undertaken using the Embry name—whether used directly or indirectly.

As a result of the above, this correspondence hereby demands the following:

(1) Drive immediately ceases and desists utilizing the Embry name in any manner whatsoever and confirm the same via written communication to our office;

(2) Drive provides an accounting of all funds raised utilizing the Embry name in any respect;

(3) Drive provides accurate accounting and information regarding the manner in which the Embry name was utilized for these solicitations;

(4) Drive provide information and assurances that all federal and state laws, including but not limited to securities laws, were followed in the marketing and sale of these investments; and

(5) Drive provide written verification that it has informed all of its associates, employees, and agents to cease and desist the use of the Embry name in any manner.

We ask that you comply with number 1 and number 5 within five (5) days of today's date. We ask that you comply with the remaining requests within fifteen (15) days of today's date. To the extent you need additional time, we request that you provide as much information as possible within fifteen days and simultaneously confirm a timeline for the rest of the information. Upon receipt of this information, we will review the information. At that point, we will need to schedule a meeting to discuss this situation and any remedial action necessary. Given my client's lack of knowledge, this demand should not be considered anything other than a cease and desist and request for information. Notwithstanding, in no respect are my clients waiving any claims or causes of actions as a result of the actions identified above.

While we sincerely hope our client has received incorrect information, please understand that the gravity of this matter dictates immediate action from Drive. To that end, we look forward to hearing from you promptly. Thank you for your immediate attention to this matter.

Sincerely,

GAMBLE CLARK LLP

Aaron M. Clark